UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASHWIN V. LADVA,
Plaintiff,
v.
CASA SPAZIO INC., et al.,
Defendants.

Case No. 25-cv-08240-AMO (AGT)

**DISCOVERY ORDER**

Re: Dkt. No. 31

Plaintiff is pursuing tort claims based on allegations that a bed frame Defendants designed, manufactured, and distributed was unreasonably dangerous and injured her. *See generally* Dkt. 1, Ex. A, Compl. ¶¶ 10–39. In anticipation of further discovery, the parties seek a protective order that will govern how produced confidential materials will be used. Defendants propose four additions to the Model Protective Order for Standard Litigation. Plaintiff doesn't oppose those modifications and offers one more. The Court will allow some but not all of the proposed modifications as explained below.

1. Defendants first seek to add insurance claims adjusters and their agents to the list of persons who can receive and review confidential information. Dkt. 31 at 6. The Court

grants this request. The Model Protective Order doesn't include insurance carriers and their agents in the list of persons who can receive and review confidential information, but Defendants' insurance carriers and their agents should be allowed to review confidential materials produced by Plaintiff, including his medical records, to assess damages and liability.

2. To the list of persons who can receive and review confidential information, Defendants also seek to add "employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling, or computerization of documents, to the extent necessary to provide such services." Dkt. 31 at 6. The Court denies this request because the proposed addition is unnecessary. The Model Protective Order already allows "Professional Vendors to whom disclosure is reasonably necessary" to receive confidential information. § 7.2(e). Professional Vendors are defined as "persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors." § 2.12.

3. Lastly with respect to the list of persons who can receive and review confidential information, Defendants propose adding "mediators or other alternative dispute resolution neutrals (including their employees, agents, and contractors) to whom disclosure is reasonably necessary to their involvement in the proceeding." Dkt. 31 at 6. The Court grants this request. The ability to disclose confidential material to mediators or other ADR neutrals will help resolve the case and won't heighten the risk of misuse of confidential materials.

4. Defendants' final proposed modification is to Section 13 of the Model Protective Order for Standard Litigation, which provides that "[w]ithin 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected

Material to the Producing Party or destroy such material." To this section, Defendants seek to add a qualifier: that "Notwithstanding the foregoing, CONFIDENTIAL information or documents retained by any Defendant's liability carrier, including but not limited to State Farm Insurance Companies, shall be destroyed at the earliest date that permits the insurance carriers . . . to comply with its retention obligations under applicable insurance regulations, including antifraud regulations; any evidentiary hold orders in connection with other litigation; statutory requirements, including applicable statutes of limitations; and State Farm Insurance Companies' business practices for destruction of documents." Dkt. 31 at 7. The Court grants this request. The proposed qualifier will further facilitate the use of confidential materials by Defendants' insurance carriers.

With the above addition, however, Defendants must also include a requirement that within 60 days after the final disposition of this action, Defendants' liability carriers must submit a written certification to the Producing Party that identifies all protected material that was *not* returned or destroyed and that explains how long they intend to maintain that protected material. The liability carriers must also submit a final written certification after they return or destroy the remaining protected material.

5. As for Plaintiff, he seeks to add an Attorneys' Eyes Only provision to the Model Protective Order for Standard Litigation, or to use the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, which already includes an Attorneys' Eyes Only provision. Plaintiff intends to use the Attorneys' Eyes Only designation for his medical records. *See id.* at 2.

The Court isn't convinced that an Attorneys' Eyes Only designation is needed in this tort action. That designation would prevent Defendants from sharing Plaintiff's medical

records with their insurance carriers, which would be counterproductive to case resolution. Plaintiff's privacy interests can sufficiently be protected through the standard confidentiality provisions in the Model Protective Order for Standard Litigation. The Court denies Plaintiff's request to add an Attorneys' Eyes Only provision.

* * *

By August 4, 2026, the parties shall file for approval a stipulated protective order that complies with this order.

**IT IS SO ORDERED.**

Dated: July 30, 2026

Alex G. Tse
United States Magistrate Judge